# UNITED STATES DISTRICT COURT

### for the
### Southern District of Illinois

WILLIAMS WILLIE E.

)
)
)
)
)

*Plaintiff(s)/Petitioner(s)*

v.

SPILLER WILLIAM A., SCHOENBECK JOSHUA A.,
HART JASON N., WILLS ANTHONY,
JOHNSON SARAH, JEFFREYS ROB

*Defendant(s)/Respondent(s)*

)
)
)
)
)
)
)

Case Number:  **22-756-DWD**

*(Clerk's Office will provide)*

☑ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

## I.    JURISDICTION

### Plaintiff:

A.    Plaintiff's mailing address, register number, and present place of confinement.

> WILLIE E. WILLIAMS B63167
> LAWRENCE CORRECTIONAL CENTER
> 10940 LAWRENCE RD.
> SUMNER IL. 62466

### Defendant #1:

B.    Defendant  WILLIAM A. SPILLER  is employed as
            (a)        (Name of First Defendant)

            LIEUTENANT
            (b)        (Position/Title)

with  MENARD CORRECTIONAL CENTER
            (c)        (Employer's Name and Address)

711 KASKASKIA STREET; MENARD, IL. 62259

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?  ☑ Yes   ☐ No

If your answer is YES, briefly explain:  EMPLOYED BY STATE GOVERNMENT AT ILLINOIS DEPARTMENT OF CORRECTIONS, WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF LIEUTENANT OF INTELLIGENCE/INTERNAL AFFAIRS DIVISION, AND WAS ASSIGNED TO MENARD CORRECTIONAL CENTER.

**Defendant #2:**

C.     Defendant ___JOSHUA A. SCHOENBECK_____ is employed as

(Name of Second Defendant)

LIEUTENANT_____

(Position/Title)

with ___MENARD CORRECTIONAL CENTER_____

(Employer's Name and Address)

711 KASKASKIA STREET; MENARD, IL. 62259_____

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?     ☑ Yes     ☐ No

If you answer is YES, briefly explain: EMPLOYED BY STATE GOVERNMENT
AT ILLINOIS DEPARTMENT OF CORRECTIONS, WHO AT ALL TIMES MENTIONED
IN THIS COMPLAINT, HELD THE RANK OF LIEUTENANT AND WAS ASSIGNED
TO MENARD CORRECTIONAL CENTER.

**Additional Defendant(s) (if any):**

D.     Using the outline set forth above, identify any additional Defendant(s).

JASON N. HART
SARGEANT
MENARD CORRECTIONAL CENTER
711 KASKASKIA STREET; MENARD, IL. 62259
EMPLOYED BY STATE GOVERNMENT AT ILLINOIS DEPARTMENT OF CORRECTIONS, WHO
AT TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF SARGEANT AND WAS
ASSIGNED TO MENARD CORRECTIONAL CENTER

E. ANTHONY WILLS
WARDEN/CHIEF ADMINISTRATIVE OFFICER
MENARD CORRECTIONAL CENTER
711 KASKASKIA STREET; MENARD, IL. 62259
EMPLOYED BY STATE GOVERNMENT AT ILLINOIS DEPARTMENT OF CORRECTIONS,
WHO AT TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF WARDEN/
CHIEF ADMINISTRATIVE OFFICER AND WAS ASSIGNED TO MENARD CORRECT-
IONAL CENTER.

Rev. 10/3/19

F.   SARAH JOHNSON

      ADMINISTRATIVE REVIEW BOARD CHAIR PERSON

ILLINOIS DEPARTMENT OF CORRECTIONS

 1301 CONCORDIA COURT; SPRINGFIELD, IL. 62794

EMPLOYED BY STATE GOVERNMENT AT ILLINOIS DEPARTMENT OF CORRECTIONS,

WHO AT TIMES MENTIONED IN THIS COMPLAINT HELD THE RANK OF CHAIR PERSON

      OF ADMINISTRATIVE REVIEW BOARD


G.   ROB JEFFREYS

      DIRECTOR

ILLINOIS DEPARTMENT OF CORRECTIONS

 801 S. SEVENTH STREET; SPRINGFIELD, I.L. 62794

EMPLOYED BY STATE GOVERNMENT AT ILLINOIS DEPARTMENT OF CORRECTIONS, WHO

AT TIMES MENTIONED IN THIS COMPLAINT HELD THE RANK OF ACTING DIRECTOR.


      EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS/HER OFFICIAL

CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED

UNDER THE COLOR OF STATE LAW.

II.    **PREVIOUS LAWSUITS**

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☐Yes ☐No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):  N/A

Defendant(s):  N/A

2.    Court (if federal court, name of the district; if state court, name of the county):  N/A

3.    Docket number:  N/A

4.    Name of Judge to whom case was assigned:  N/A

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):  N/A

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):  N/A

7.     Approximate date of filing lawsuit: N/A

8.     Approximate date of disposition: NA

9.     Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?" N/A

## III.    GRIEVANCE PROCEDURE

A.     Is there a prisoner grievance procedure in the institution? ☑ Yes     ☐ No

B.     Did you present the facts relating to your complaint in the prisoner grievance procedure?                               ☑ Yes     ☐ No

C.     If your answer is YES,
1.     What steps did you take? PURSUANT TO I.D.O.C. PROTOCOLS THE PLAINTIFF WROTE COMPLAINTS ON GRIEVANCE FORMS AND MAILED DIRECTLY TO ADMINI-STRATIVE REVIEW BOARD AS IS THE PROCEDURE WHEN NO LONGER A RESIDENT AT FACILITY WHERE INCIDENT(S) OCCURRED.

2.     What was the result?
ONE GRIEVANCE WAS DENIED AND SECOND GRIEVANCE WAS DEEMED MOOT, AND THIRD GRIEVANCE WAS DEEMED PAST 30 DAYS OF CHIEF ADMINI-STRATIVE OFFICER'S DECISION, THUS NOT ADDRESSING ISSUE(S).

D.     If your answer is NO, explain why not. N/A

E.     If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? N/A     ☐ Yes     ☐ No

F.     If your answer is YES,
1.     What steps did you take? N/A

2.    What was the result? N/A


G.    If your answer is NO, explain why not. N/A


H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

DUE TO COVID 19 RESTRICTIONS AND PLAINTIFF SEGREGATION STATUS, PLAINTIFF COULDN'T GET ACCESS TO A COPY MACHINE AT ILLINOIS RIVER CORRECTIONAL CENTER. THEREFORE PLAINTIFF DID MAKE COPIES OF GRIEVANCES RELATED TO SOME OF THE ISSUES WITHIN THIS CLAIM. PLAINTIFF MADE ATTEMPTS TO GET COPIES FROM RECORDS OFFICE AND ADMINISTRATIVE REVIEW BOARD TO NO AVAIL. PLAINTIFF ATTACHES COPIES OF ADMINISTRATIVE REVIEW BOARDS NOTICE OF RECIEVING THESE GRIEVANCES AND THE RESPONSES OF ADMINISTRATIVE REVIEW BOARD TO THESE GRIEVANCES.

ALSO, PLAINTIFF INCLUDE ALL RESPONSES AND GRIEVANCE OF ONE OF THE ISSUES WITHIN THIS CLAIM; AND RECORD OFFICE RESPONSE TO PLAINTIFF REQUEST OF COPIES OF OTHER GRIEVANCES.

Rev. 10/3/19

## IV.    STATEMENT OF CLAIM

A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated.  Do not include legal arguments or citations.  If you wish to present legal arguments or citations, file a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

| | | | |
|---|---|---|---|
| Inmate Id: | B63167 | Ret Form Ind: | |
| Name: | WILLIAMS, WILLIE | Modify Ind: | |
| Chair Code: | SAJO | Deny Ind: | |
| Grv Type: | L | Favorable Ind: | |
| Grv Code: | OTHER | Deferred Ind: | |
| Receive Date: | 08/28/2020 | Moot Ind: | |
| Hearing Date: | 00/00/0000 | Grievance Number: | |
| Mailing Date: | 00/00/0000 | Incident Number: | |
| Grv Loc: | MENARD CC | Incident Date: | 00/00/0000 |
| Hearing Loc: | ILLINOIS RIVER CC | Incident Inst: | |
| | | Date Receipted: | 09/08/2020 |

**Comments:** GRV DTD 8/3/20 CLAIMS ON 7/23/20 HE WAS TAKEN FROM CELL (WEST623) AND TAKEN TO HCU FOR COVID TEST AND MENTAL HEALTH EVAL THEN PLACED IN SEG ON QUARANTINE

6A



J.B. Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Williams, Willie                                                                 2/22/21
                                                                                            Date
ID# : B63167

Facility: Lawrence

This is in response to your grievance received on __8/28/20__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: __8/12/20__        Grievance Number: _____        Griev Loc: __Menard__

☐ Transfer denied by the Facility _____

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☑ Conditions (cell conditions, cleaning supplies, etc.) cell lock would not open 7/30/20

☑ Disciplinary Report: Dated: __7/27/20__   Incident # __202000964__

☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☑ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

☑ Other: This office contacted the Adjustment Committee staff who indicated if the door lock was not working and this was the reason the offender refused the hearing it would be noted. Refusal paperwork was provided. The Committee noted the reason witness testimony was not reviewed.

FOR THE BOARD: _Sarah Johnson_          CONCURRED: _Rob Jeffreys_
                Sarah Johnson                              Rob Jeffreys
          Administrative Review Board                      Acting Director

CC: Warden, __Lawrence__ Correctional Center
    Williams, Willie _____ ID# B63167

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

6B



J.B. Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: __Williams, Willie__

ID# : __B63167__

Facility: __Lawrence__

__2/22/21__
Date

This is in response to your grievance received on __8/28/20__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: __8/3/20__    Grievance Number: _____    Griev Loc: __Menard__

- ☐ Transfer denied by the Facility
- ☐ Dietary _____
- ☐ Personal Property _____
- ☐ Mailroom/Publications _____
- ☐ Assignment (job, cell) _____
- ☐ Commissary / Trust Fund _____
- ☑ Conditions (cell conditions, cleaning supplies, etc.) __light did not work 7/23-7/30/20 and no mattress, 7/23/-7/26/20__
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ☑ Other: __Moot, as the offender transferred on 7/30/20. The light in the cell had a work order completed. Per the Major in the unit all offenders are issued a mattress. Unable to substantiate claims of being denied a mattress.__

FOR THE BOARD: _[signature]_

Sarah Johnson
Administrative Review Board

CONCURRED: _[signature]_

Rob Jeffreys
Acting Director

CC: Warden, __Lawrence__ Correctional Center
Williams, Willie , ID# __B63167__

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**



4/25/21

To: Records Office

     I wrote a grievance dated 8/12/20 regarding Disciplinary Report dated 7/27/20, Incident #202000964. This grievance was mailed directly to Administrative Review Board due to incident occurring in another facility. This grievance is dated by A.R.B. ~~afs~~ as RECIEVED on 8/28/20. Grievance Location is Menard.

     Would you please mail me a copy of this grievance so that I may be able to procede further for resolution? Money voucher is included. Thank you for your time and considerations!

I do not see these documents
in your Masterfile
SS Records    4-29-21

Sincerely,

Willie Williams

Willie Williams B63167

1C-U5

6D

N2-8-17

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 3/29/19 | Offender: (Please Print) Willie Williams | ID#: B63167 |
|---|---|---|

| Present Facility: Menard | Facility where grievance issue occurred: Menard |
|---|---|

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

307-4-19

- [x] Disciplinary Report: __2 / 27 / 19__    Menard
        Date of Report                     Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On 2/11/19 at approx. 8:10 p.m. West House staff removed me from my cell and took me to the segregation unit where I was placed on "Investigation" status. On 2/27/19 Lt. Spiller (Intel) wrote a Disciplinary Report charging me with III-Security Threat Group or Unauthorized Organizational Leadership. Lt. Spiller report alledges that two (2) confidential informants identified me as the Senior Unit Legal Coordinator of the Gangster Disciples in Menard, and Lt. Spiller deemed these confidential informants reliable due to corroboration.

I went to the Adjustment Committee, pleaded not guilty, and presented a written statement of defense. The Adjustment Committee found me guilty and penalized me with 3 months of segregation, 3 months of C-grade, 3 months of Loss of commissary, and 6 months of No Contact Visits. I contest this decision and/or appeal it based upon the following arguments:

**Relief Requested:** Relieve me of "Guilty" verdict and expunge it from my records/files.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Willie W. Williams | B63167 | 3 / 29 / 19 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

RECEIVED
AUG 28 2020
ADMINISTRATIVE
REVIEW BOARD

---

| | Counselor's Response (if applicable) | RECEIVED |
|---|---|---|

Date Received: _____ / _____ / _____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

APR 16 2019
MENARD C.C.
GRIEVANCE OFFICE

Response: _____

_____

_____

_____

_____

| | | / / |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| EMERGENCY REVIEW |
|---|

Date Received: _____ / _____ / _____

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | 3A | |
|---|---|---|
| Chief Administrative Officer's Signature | | Date |

Distribution: Master File; Offender

ODR
2-27-19

LoE

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

1) Departmental Rules, Section 504.80(K)-1 states: "The Adjustment Committee must be reasonably satisfied there is some evidence shows that the offender committed the offense for the offender to be guilty."

2) The proper standard of proof is the preponderance of the evidence and that a person can not be found guilty if the evidence shows that a person is less to be guilty than innocent.

    (a) The only evidence presented were the alleged information provided by two(2) confidential informants; however, I have proclaimed for years that I am retired from active membership of the Gangster Disciple which is in my records/files. I have no recent record of activities regarding this group. Therefore my institutional records boosters my credibility and reliability as acceptable evidence of my innocence.

3) Due Process requires that prison officials independently establish the reliability of confidential informants by investigating their information (Sira v. Morton, 380 F.3d at 77-78).

    (a) Intel failed to present any material evidence for the Adjustment Committee to establish the reliability of the two(2) confidential informants.

4) A bald assertion by an unidentified person without more, can not constitute some evidence of guilt (Whitford v. Boglino, 63 F.3d 527, 534-36).

5) There must be support for the credibility of confidential informants and the reliability of the information (Williams v. Fountain, 77 F.3d 372, 375).

6) Hearsay information with no evidence supporting its credibility is not some evidence (Howard v. Wilkerson, 768 F.Supp. 1002, 1008); nor is staff members reports based on what other inmates told them (Parker v. State, 597 So.2d 753), and supposition based upon supposition, stemming from hearsay is inadequate to support a conviction (ex parte Floyd 457 So.2d 961, 962).

    The charge brought against me is serious in nature with long term effects that threatens my afforded freedoms and liberties perpetually. For it labels me and puts me in a position to be scrutinized, harassed, disciplined and/or restricted at the discretion of the Intel/Administrations of every institution I may reside, because it makes me accountable for the actions of other inmates. This reality is fearful and makes me subject to unfavorable and impartial circumstances and situations.

NOTE: As of date, I have not recieved Disiplinary Summary from the Adjustment Committee. I only know results via Counselor.

W-5-24

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 04/16/2019 | **Date of Review:** 06/11/2020 | **Grievance #** (optional): 307-4-19 |
| **Offender:** Williams, Willie | | **ID#:** B63167 |

**Nature of Grievance:**

IDR on 2/27/19

**Facts Reviewed:**

Offender Submitted Grievance: 3/29/19 Concerning; IDR on 2/27/19 for security threat groups

Relief Requested: To have the ticket expunged

Counselors Response: N/A IDR

Grievance Officer review: Disciplinary tracking, Intel, Adjustment committee.

**Recommendation:**

It is the recommendation of this Grievance Officer that the Offender's grievance be denied. The IDR stands. Intel's investigation was complete and justified. All AD's and ID's were followed.

Correctional Counselor II / Grievance Officer M. Teas

Print Grievance Officer's Name — Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | |
|---|---|---|
| **Date Received:** 7-7-2020 | ☑ I concur   ☐ I do not concur   ☐ Remand | |

**Action Taken:**

RECEIVED
AUG 2 8 2020
ADMINISTRATIVE
REVIEW BOARD

Chief Administrative Officer's Signature — 7/7/20 — Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature — ID# — Date

Distribution:   Master File; Offender — Page 1 — DOC 0047 (Rev. 3/2019)

*Printed on Recycled Paper*



| | | | | |
|---|---|---|---|---|
| **Inmate Id:** | B63167 | | **Ret Form Ind:** | |
| **Name:** | WILLIAMS, WILLIE | | **Modify Ind:** | |
| **Chair Code:** | SAJO | | **Deny Ind:** | |
| **Grv Type:** | L | | **Favorable Ind:** | |
| **Grv Code:** | DR | | **Deferred Ind:** | |
| **Receive Date:** | 08/28/2020 | | **Moot Ind:** | |
| **Hearing Date:** | 00/00/0000 | | **Grievance Number:** | 307-4-19 |
| **Mailing Date:** | 00/00/0000 | | **Incident Number:** | 202000964 |
| **Grv Loc:** | MENARD CC | | **Incident Date:** | 07/27/2020 |
| **Hearing Loc:** | ILLINOIS RIVER CC | | **Incident Inst:** | MENARD CC |
| | | | **Date Receipted:** | 09/09/2020 |

**Comments:**   GRV DATED 8/12/20, GRVS DR 7/27/20 FOR 111 CHARGE AT MENARD

LoG

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

**Offender:** Williams     Willie     _____     B63167
    Last Name          First Name     MI     ID#

**Facility:** IL River

☒ Grievance: Facility Grievance # (if applicable) 307-4-19 Dated: 3/29/19   or ☐ Correspondence: Dated: _____

Received: 8/28/20   Regarding: GR 2/27/19
    Date

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

---

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☒ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
       Date

☐ No justification provided for additional consideration.

---

**Other** (specify): _____

---

Completed by: Sarah Johnson     _____     9/15/20
     Print Name          Signature        Date

Distribution:   Offender          *Printed on Recycled Paper*          DOC 0070 (Rev. 3/2018)
           Inmate Issues



PLEASE BE ADVISED THAT JOHN DOES MENTIONED WITHIN THE FOLLOWING FACTS ARE NOT PARTIES OF THIS CIVIL RIGHTS COMPLAINT. BUT ARE ONLY MENTIONED FOR THE COMPLETION OF ACCURACY OF THE FACTS OF THIS COMPLAINT AND ARE MENTIONED AS JOHN DOES BECAUSE THEIR NAMES ARE UNKNOWN TO PLAINTIFF.

ON 7/23/20 AT APPROX. 7:30 A.M. THE PLAINTIFF WAS AWAKEN BY TWO UNKNOWN OFFICERS (JOHN DOE #1 AND JOHN DOE #2). BOTH OFFICERS INSTRUCTED PLAINTIFF AND CELL MATE (TREMAINE JOHNSON) TO COME TO FRONT OF CELL TO BE HANDCUFFED. ONCE HANDCUFFED PLAINTIFF AND MR. JOHNSON WAS REMOVED FROM CELL BY THE TWO OFFICERS. JOHN DOE #1 ESCORTED MR. JOHNSON TO A CAGE WITHIN THE CELL HOUSE. JOHN DOE #2 ESCORTED PLAINTIFF OUT OF THE CELL HOUSE AND TO THE HEALTHCARE UNIT. ONCE INSIDE OF HEALTHCARE UNIT A NURSE SCREENED PLAINTIFF ABOUT PLAINTIFF'S MENTAL HEALTH STATE AND ANOTHER MEDICAL STAFF CONDUCTED A COVID 19 TEST ON PLAINTIFF. JOHN DOE #2 THEN ESCORTED PLAINTIFF TO THE SEGREGATION UNIT.

JOHN DOE #2 LOCKED PLAINTIFF INSIDE A CAGE. A OFFICER (JOHN DOE #3) CONDUCTED A STRIP SEARCH OF PLAINTIFF, TOOK PLAINTIFF CLOTHES AND EXCHANGED THEM FOR A SEGREGATION JUMPSUIT. JOHN DOE #3 ESCORTED PLAINTIFF TO CELL 625 WHERE ANOTHER OFFICER (JOHN DOE #4) OPENED CELL DOOR AND LOCKED PLAINTIFF INSIDE OF 625. AFTER REMOVING HANDCUFFS FROM PLAINTIFF JOHN DOE #3 AND JOHN DOE #4 CLOSED "CHUCK HOLE" AND WALKED AWAY. PLAINTIFF WALKED TO BACK OF CELL TO LOCATE THE LIGHT SWITCH; UPON LOCATING LIGHT SWITCH PLAINTIFF ATTEMPTED TO TURN ON CELL LIGHT BUT LIGHT WOULDN'T TURN ON. PLAINTIFF SAT ON THE BED FIXTURE AND DISCOVER THAT THERE WASN'T A MATTRESS UPON THE BED FIXTURE. SOME TIME JOHN DOE #4 WALKED PASS CELL AND PLAINTIFF YELLED THROUGH THE STEEL DOOR AND CAPTURED JOHN DOE #4 ATTENTION. PLAINTIFF INFORMED JOHN DOE #4 THAT LIGHT DIDN'T WORK AND MATTRESS WASN'T IN CELL. JOHN DOE #4 STATED THAT HE WOULD SUBMIT A WORK ORDER FOR THE LIGHT AND TRY TO FIND A MATTRESS. AT THE CONCLUSION OF THE 7-3 SHIFT JOHN DOE #4 FAILED TO BRING PLAINTIFF A MATTRESS NOR WAS THE LIGHT REPAIRED. AT THE BEGINNING OF THE NEXT SHIFT (3-11) PLAINTIFF INFORMED THE OFFICER (JOHN DOE #5) OF BROKEN LIGHT AND LACK OF MATTRESS.

JOHN DOE #5 STATED THAT HE WOULD SUBMIT A WORK ORDER FOR THE LIGHT AND TRY TO FIND A MATTRESS. AT THE CONCLUSION OF THE 3-11 SHIFT JOHN DOE #5 FAILED TO BRING PLAINTIFF A MATTRESS, NOR WAS THE LIGHT REPAIRED. AT THE BEGINNING OF THE NEXT SHIFT (11-7) THE PLAINTIFF INFORMED THE OFFICER THAT LIGHT WAS BROKEN AND A MATTRESS WASN'T IN THE CELL. JOHN DOE #6 STATED THAT HE WOULD SUBMIT A WORK ORDER FOR THE LIGHT BUT CELL COULDN'T BE OPENED ON THE 11-7 SHIFT THEREFORE HE COULDN'T GET PLAINTIFF A MATTRESS.

PLAINTIFF WAS THUS FORCED TO SIT IN DARKNESS THE ENTIRE DAY WITH VERY LITTLE ACCESS TO NATURAL LIGHT AS CELL WAS A RECTANGULAR CONCRETE/BRICK STRUCTURE WITH A STEEL STRUCTURE ON FRONT OF CELL WITH TWO (2) SMALL MARRED PLEXIGLASSES BUILT THEREIN.

PLAINTIFF WAS THUS FORCED TO CHEESE BETWEEN A HARD STEEL BUNK BED STRUCTURE OR A HARD CONCRETE FLOOR TO LAY UPON. PLAINTIFF CHOSE THE BED STRUCTURE AND COULDN'T GET ANY SLEEP DUE TO THE HARDNESS OF STRUCTURE. PLAINTIFF TRIED TO LAY ON THE FLOOR BUT COULDN'T GET ANY SLEEP DUE TO THE HARDNESS THEREOF.

IV. STATEMENT OF CLAIM

8    On 7/24/20, THE PLAINTIFF WAS REMOVED FROM CELL BY SGT. McCARTHY OF INTEL AND TAKEN TO A OFFICE TO SPEAK WITH SGT. McCarthy AND OFFICER WOOLEY (BOTH INTEL OFFICERS). BOTH OFFICERS INFORMED PLAINTIFF OF RECENT VIOLENT ACTS THAT HAD OCCURRED IN THE EAST CELL HOUSE AND THAT INTEL WANTED TO SPEAK TO THE INVOLVED GANGS LEADERSHIP TO RESOLVE THE ISSUE(S), AND INTEL HAD BEEN INFORMED THAT PLAINTIFF WAS THE LEADER AT MENARD FOR THE GANGSTER DISCIPLES. PLAINTIFF RESPONSE TO THIS INFORMATION WAS THAT IF INTEL CONDUCTS A THOROUGH INVESTIGATION THEY WOULD DISCOVER THAT PLAINTIFF WAS A RETIRED AND INACTIVE MEMBER OF SAID GROUP AND THUS HAD NO KNOWLEDGE OF GANGS RECENT ACTIVITIES, LEADERSHIP, OR VIOLENCE. PLAINTIFF INFORMED THESE TWO OFFICERS THAT HE (PLAINTIFF) WAS WILLING TO HELP INTEL'S ENDEAVORS BY SPEAKING TO CERTAIN GANG MEMBERS AND ASK THEM TO SUGGEST TO LEADERSHIP OF GANG TO SPEAK WITH INTEL AND NEGOTIATE PEACE. SGT. McCARTHY GAVE PLAINTIFF A TELEPHONE NUMBER TO CONTACT INTEL WHEN HE (PLAINTIFF) HAD COMPLETED TASK. OFFICER WOOLEY TOLD PLAINTIFF IF NO ONE ANSWERED TELEPHONE PLAINTIFF COULD SEND AN EMAIL TO FAMILY AND INPUT GANG WORDS AND INTEL WOULD RECIEVE THE EMAIL INSTEAD OF FAMILY. SGT. McCARTHY ESCORTED PLAINTIFF BACK TO CELL.

UPON RETURNING TO CELL PLAINTIFF REMINDED JOHN DOE #4 OF BROKEN LIGHT FIXTURE AND LACK OF MATTRESS. JOHN DOE #4 STATED THAT HE (JOHN DOE #4) HAD SUBMITTED WORK ORDER ALREADY AND THAT HE (JOHN DOE #4) WOULD TRY TO FIND A MATTRESS. THE SHIFT CONCLUDED WITHOUT LIGHT FIXTURE BEING REPAIRED OR PLAINTIFF RECIEVING A MATTRESS. PLAINTIFF REMINDED JOHN DOE #5 OF BROKEN LIGHT FIXTURE AND LACK OF MATTRESS; AND JOHN DOE #5 JUST AS JOHN DOE #4 HAD, AND IN SIMILAR FASHION THE SHIFT CONCLUDED WITHOUT LIGHT FIXTURE BEING REPAIRED OR PLAINTIFF RECIEVING MATTRESS. APPROX. THREE DAYS ELASPED AND JOHN DOE #4 BROUGHT PLAINTIFF A MATTRESS, SHEETS, AND HYGIENE ITEMS. JOHN DOE #4 APOLOGIZED TO PLAINTIFF AND STATED THAT HE'D BEEN SO BUSY THAT HE KEPT FORGETTING ABOUT THE MATTRESS, AND THAT ALL HE (JOHN DOE #4) COULD DO ABOUT LIGHT FIXTURE WAS SUBMIT A WORK ORDER. PLAINTIFF SUGGESTED THAT CELL BE CHANGED, JOHN DOE #4 STATED THAT HE (JOHN DOE #4) WOULD SPEAK TO SARGEANT BUT CELL CHANGE DIDN'T OCCUR.

ON 7/27/20 A OFFICER (JOHN DOE #7) SERVED PLAINTIFF WITH A DISCIPLINARY REPORT WRITTEN BY DEFENDANT (WILLIAM A. SPILLER) WHICH ALLEDGED THAT PLAINTIFF WAS IDENTIFIED BY TWO (2) CONFIDENTIAL SOURCES AS THE HIGHEST RANKING LEADER OF THE GANGSTER DISCIPLES AT MENARD CORRECTIONAL CENTER. THIS INFORMATION IS ALLEDGED TO BE THE RESULTS OF AN INVESTIGATION TO IDENTIFY OFFENDER. WHO HAD ELECTED TO HOLD LEADERSHIP POSITION WHICH ALLOTED THE OFFENDER AUTHORITY OVER OFFENDERS. PLAINTIFF UPON READING THE DISCIPLINARY REPORT IMMEDIATELY INFORMED JOHN DOE #7 THAT HE (PLAINTIFF) WANTED TO REQUEST WITNESSES AS, IS THE CUSTOM OF MENARD ADJUSTMENT COMMITTEE TO ONLY REGARD WITNESSES IF WRITTEN ON THE WHITE TOP PAGE OF DISCIPLINARY REPORT. JOHN DOE #7 WROTE THE NAMES AND CELL LOCATIONS AS PLAINTIFF SPOKE THEM AS WELL WHAT WITNESSES COULD TESTIFY TO. JOHN DOE #7 THEN PERMITTED PLAINTIFF TO VERIFY ACCURACY OF INFORMATION WRITTEN. THE TWO (2) WITNESSES THE PLAINTIFF REQUESTED WERE FRAD MUHAMMED WHOM WAS LOCATED IN WEST CELL HOUSE, CELL 525; AND JEROME GREEN WHOM WAS LOCATED IN WEST CELL HOUSE, CELL 523 THESE WIT-NESSES WOULD TESTIFY THAT PLAINTIFF WAS RETIRED AND INACTIVE FROM THE GANGSTER DISCIPLES AND THEIR ACTIVITIES.

ON 7/30/20 JOHN DOE #4 TOLD PLAINTIFF TO GET READY TO GO TO THE ADJUSTMENT COMMITTEE FOR HEARING FOR DISCIPLINARY REPORT. WHEN JOHN DOE #4 ATTEMPTED TO ESCORT PLAINTIFF TO ADJUSTMENT JOHN DOE #4 COULDN'T GET THE DOOR TO UNLOCK SO, AFTER SEVERAL ATTEMPTS JOHN DOE #4 CALLED FOR A LOCKSMITH. THE LOCKSMITH CAME WITHIN MINUTES AND REPAI-RED THE LOCK WITHIN MINUTES. JOHN DOE #4 WALKED AWAY WITH LOCKSMITH AND SOME TIME THERE AFTER RETURNED AND TOLD PLAINTIFF THAT HE (PLAINTIFF) WAS BEING MOVED; PLAINTIFF ASKED WHERE WAS HE BEING MOVED, JOHN DOE #4 STATED THAT HE DIDN'T KNOW. PLAINTIFF ASKED JOHN DOE #4 WAS HE (PLAINTIFF) STILL GOING TO ADJUSTMENT COMMITTEE AND JOHN DOE #4 STATED PROBABLY AFTER THE MOVE. JOHN DOE ESCORTED PLAINTIFF FROM CELL 625 TO THE VISITING ROOM AREA LOCATED IN NORTH 2 HOUSING UNIT. PLAINTIFF WAS PUT IN A CAGE, STRIP SEARCHED, GIVEN A CHANGE OF CLOTHES AND PREPARED FOR TRANSFER. PLAINTIFF ASKED TRANSPORT OFFICER MEZZO IF HE (PLAINTIFF) WOULD GO TO ADJUSTMENT COMMITTEE BEFORE DEPARTURE, OFFICER MEZZO SAID THAT HE DIDN'T KNOW ABOUT IT AND MAYBE DISCIPLINARY REPORT WOULD BE HEARD AT NEW

IV. STATEMENT OF CLAIM

FACILITY.

   PLAINTIFF WAS PLACED IN HANDCUFFS IN AN AWKWARD WAY WHEREFORE PLAINTIFFS LEFT HAND WAS POSITIONED WHERE PALM WAS TOWARD THE GROUND AND RIGHT HAND WAS POSITIONED WHERE PALM WAS POSITIONED UPWARD TOWARD THE SKY. A BLUE METAL BOX TYPE OBJECT WAS CLOSED AROUND THE CHAINS OF HANDCUFFS, AND A CHAIN WAS PUT THROUGH A HOLE ON THE BLUE METAL BOX TYPE OBJECT, AND THAT CHAIN WAS WRAPPED UNCOMFORTABLY TIGHT AROUND THE PLAINTIFF MID-SECTION AREA OF PLAINTIFFS BODY, AND CHAIN WAS LOCKED IN PLACE WITH A PAD LOCK, THEN PLAINTIFFS ANKLES WERE CUFFED.( PURSUANT TRANSFER/TRANSPORTATION PROTOCOLS). PLAINTIFF WAS ESCORTED FROM NORTH 2 HOUSING UNIT TO THE OUTSIDE OF FACILITY WHERE PLAINTIFF WAS PLACED INSIDE OF A VAN WITH ANOTHER INMATE AND BOTH OF THEIR PROPERTY. WHILE IN THE VAN AWAITING THE TRANSPORTATION PREPARATION OF ANOTHER INMATE IN ANOTHER VAN PLAINTIFF WAS CHAINED IN THIS AWKWARD AND UNCOMFORTABLE MANNER AND REMAINED CHAINED IN THIS MANNER FOR APPROX. EIGHT (8) HOURS THEREAFTER AS BOTH VEHICLES TRAVELED TO DROP THE INMATE IN THE OTHER VAN AT WESTERN CORRECTIONAL CENTER IN MOUNT STERLING ILLINOIS; THEN TO DROP PLAINTIFF AND THE INMATE IN THE VAN WITH PLAINTIFF AT ILLINOIS RIVER CORRECTIONAL CENTER IN CANTON ILLINOIS. DEFENDANT ROB JEFFREY APPROVED THIS TRANSFER.

   UPON ARRIVAL AT ILLINOIS RIVER CORRECTIONAL CENTER PLAINTIFF WAS REMOVED FROM VAN, WALKED INTO SPECIAL SEGREGATION UNIT, PUT INTO A CAGE, TRANSPORTATION RESTRAINTS REMOVED AND REPLACED BY A CHAIN WITH ATTACHED HANDCUFFS THAT WAS WRAPPED AROUND PLAINTIFFS WAIST AND PAD LOCKED, AND ANKLE CUFFS THAT WAS ALSO ATTACHED TO THE CHAIN. WHILE IN THESE RESTRAINTS PLAINTIFF WAS EVALUATED BY MEDICAL AND MENTAL HEALTH STAFF. PLAINTIFF WAS LABELED "CIRCUIT RIDER", AND "EXTREME SECURITY RISK" WHICH RESULTED IN PLAINTIFF BEING HOUSED ALONE ON A WING FOR APPROX. 45 DAYS, HAVING TO BE CHAINED/SHACKLED IN ABOVE MENTION RESTRAINTS DURING ANY MOVEMENT OUT OF CELL; INCLUDING SHOWERS, HAVING TO RECREATE ALONE, AND BEING TREATED AS A THREAT TO OTHERS.

   AS A RESULT OF THE 8 HOUR TRANSPORTATION FROM MENARD TO ILLINOIS RIVER WHILE BEING CHAINED/RESTRAINED IN AN AWKWARD AND UNCOMFORTABLE MANNER; PLAINTIFF EXPERIENCED AN EVER PRESENT TINGLING WITH WRISTS, FINGERS AND HANDS WHICH WAS CONTINUOUSLY IRRITATED BY THE ELEVATED RESTRAINTS REQUIRED DURING ALL MOVEMENTS. PLAINTIFF EXPERIENCED THIS

10

IRRITATION AND PAIN FOR SEVERAL MONTHS; AND AFTER COMPLAINING TO MEDICAL STAFF PLAINTIFF WAS PRESCRIBED ANTI-INFLAMMATORY MEDICINE.

AFTER A FEW WEEKS AT ILLINOIS RIVER CORRECTIONAL CENTER WITHOUT AN ADJUSTMENT COMMITTEE HEARING, PLAINTIFF BEGAN MAKING INQUIRIES UNTIL LIEUTENANT ARNETT AQUIRED A COPY OF THE ADJUSTMENT COMMITTEE'S HEARING SUMMARY. THE SUMMARY FALSELY STATED THAT PLAINTIFF REFUSED TO ATTEND THE HEARING, AND ALLEDGES THAT A REFUSAL SLIP WAS COMPLETED. THE ADJUSTMENT COMMITTEE ADMITS TO REFUSING TO CALL PLAINTIFF'S WITNESSES AND FALSELY CLAIM THAT PROPER IDENTIFICATION WASN'T PROVIDED. THE COMMITTEE STATED THAT PLAINTIFF WAS FOUND GUILTY BASED SOLELY UPON INTERNAL AFFAIRS ALLEDGED INVESTIGATION AND ALLEDGED INFORMATION PROVIDED BY ALLEDGED CONFIDENTIAL SOURCES. THE COMMITTEE ATTEMPTED TO SOLIDIFY CONCLUSION BY FALSELY CLAIMING THAT PLAINTIFF HAS RECIEVED MULTIPLE CITATIONS FOR THE SAME CHARGE. AS A RESULT THE COMMITTEE RECOMMENDED THAT PLAINTIFF RECIEVE A PUNISHMENT OF SIX(6) MONTHS C GRADE, SIX(6) MONTHS SEGREGATION, SIX(6) MONTHS COMMISSARY RESTRICTION, AND SIX(6) MONTHS CONTACT VISIT RESTRICTION. DEFENDANT ANTHONY WILLS CONCURRED AND/OR APPROVED THESE RECOMMENDATIONS. WITH THE EXCEPTION OF THE COMMISSARY AND CONTACT VISITING RESTRICTIONS; THESE PUNISHMENTS WERE LATER REDUCED DUE PLAINTIFF GOOD BEHAVIOR.

THIS IS THE SECOND INCIDENT THAT PLAINTIFF HAS BECOME A VICTIM OF DEFENDANTS WILLIAM SPILLER AND JOSHUA SCHOENBECK. ON 2/11/19, PLAINTIFF WAS PLACED UNDER INVESTIGATION AND QUESTIONED BY DEFENDANT WILLIAM SPILLER ABOUT A NOTE/LETTER FOUND IN INMATE DINING ROOM NEAR A SEAT THAT PLAINTIFF HAD SAT IN. DEFENDANT WILLIAM SPILLER WROTE A DISCIPLINARY REPORT THAT FALSELY STATED THAT TWO(2) CONFIDENTIAL SOURCES IDENTIFIED PLAINTIFF AS A SENIOR RANKING MEMBER OF THE GANGSTER DISCIPLES. DEFENDANT JOSHUA SCHOENBECK CHAIRED THE ADJUSTMENT COMMITTEE AND FOUND PLAINTIFF GUILTY OF CHARGES BASED ON THE ALLEDGED INFORMATION OF ALLEDGED CONFIDENTIAL SOURCES AND DEFENDANT SPILLER'S CONCLUSIONS. PLAINTIFF FILED GRIEVANCE IN ACCORDANCE WITH I.D.O.C. PROTOCOLS AND THE GRIEVANCE WAS HELD UP IN THE GRIEVANCE PROCESS UNTIL APPROX ONE(1) WEEK BEFORE THE RECENT INVESTIGATION PROCESS. THE RECENT INVESTIGATION LED TO PLAINTIFF BEING SEGREGATED AND TRANSFERRED WHICH SEPARATED PLAINTIFF FROM HIS PROPERTY FOR SOME TIME SO, PLAINTIFF FAILED TO MEET TIME FRAME TO COMPLETE GRIEVANCE PROCESS/PROCEDURE.

DEFENDANT ANTHONY WILLS AS THE WARDEN/CHIEF ADMINISTRATIVE OFFICER WAS AT ALL TIMES MENTIONED IN THIS COMPLAINT LEGALLY RESPONSIBLE FOR THE OPERATION OF MENARD CORRECTIONAL CENTER, THE DEPARTMENTS WITHIN MENARD CORRECTIONAL CENTER, THE HIRING AND MANAGEMENT OF STAFF, AND THE WELFARE OF ALL INMATES OF MENARD CORRECTIONAL CENTER. DEFENDANT ANTHONY WILLS FAILED TO OVERSEE DEFENDANTS SPILLER, SCHOENBECK AND HART AND PREVENT THE ( UNFAIR AND UNJUST TREATMENTS OF THE PLAINTIFF; AND TO PREVENT PLAINTIFF FROM EXPERIENCING UNCONSTITUTIONAL AND INHUMANE CONDITIONS

ON 8/3/20, PLAINTIFF USED THE DEPARTMENTAL GRIEVANCE PROCEDURE TO TRY TO RESOLVE THE PROBLEMS OF THE DISIPLINARY REPORT WRITTEN BY DEFENDANT SPILLER ON 7/27/20, THE DENIAL OF PLAINTIFF'S DUE PROCESS RIGHTS AND THE BLATANT FALSITY OF STATEMENTS AND LACK OF A FAIR AND IMPARTIAL HEARING BY DEFENDANTS SCHOENBECK AND HART, ALSO THE CELL CONDITIONS PLAINTIFF WAS SUBJECTED TO. ON 2/22/21, DEFENDANT SARAH JOHNSON RULED PLAINTIFF'S GRIEVANCES AS MOOT AND DENIED. BASED UPON THE WORDS OF "ADJUSTMENT COMMITTEE STAFF" AND SEGREGATION UNITS "MAJOR." DEFENDANT ROB JEFFREYS ACCEPTED THIS MINIMIZED INVESTIGATION ATTEMPT AND CONCURRED DEFENDANT SARAH JOHNSONS DECISION/RULING

FURTHER MORE, AT ALL TIMES MENTIONED IN THIS COMPLAINT DEFENDANT JEFFREYS AS ACTING DIRECTOR IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF ILLINOIS DEPARTMENT OF CORRECTIONS AND EACH INSTITUTION UNDER ITS JURISDICTION, INCLUDING MENARD AND ILLINOIS RIVER. THUS, DEFENDANT JEFFREYS AUTHORIZED THE TRANSFER AND STATUS OF PLAINTIFF FROM MENARD TO ILLINOIS RIVER CORRECTIONAL CENTERS

WHEREFORE, PLAINTIFF RESPECTFULLY PRAY THAT THIS HONORABLE COURT ENTER JUDGEMENT:

A) GRANTING PLAINTIFF A DECLARATION THAT THE ACTS DESCRIBED HEARIN VIOLATES PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES; AND

B) GRANTING PLAINTIFF AN INJUNCTION ORDERING DEFENDANT ROB JEFFREYS, ILLINOIS DEPARTMENT OF CORRECTIONS, DEFENDANT SARAH JOHNSON, AND ADMINISTRATIVE REVIEW BOARD TO REVERSE THE GUILTY VERDICT OF BOTH DISCIPLINARY REPORTS OF 7/27/20 AND 2/27/19; AND

C) GRANTING PLAINTIFF AN INJUNTION ORDER DEFENDANT ROB JEFFREYS, ILLINOIS DEPARTMENT OF CORRECTIONS, DEFENDANT SARAH JOHNSON, AND ADMINISTRATIVE REVIEW BOARD TO EXPUNGE BOTH INFRACTIONS (OF DISCIPLINARY REPORTS DATED 7/27/20 AND 2/27/19) FROM PLAINTIFF'S FILES/RECORDS; AND

D) GRANTING PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF $31,350.00, AGAINST DEFENDANT WILLIAM SPILLER, DEFENDANT JOSHUA SCHOENBECK, AND DEFENDANT JASON HART; AND

13

V. REQUEST FOR RELIEF

E) GRANTING PLAINTIFF NOMINAL DAMAGES IN THE AMOUNT

OF $12,000.⁰⁰, AGAINST DEFENDANT WILLIAM SPILLER,

DEFENDANT JOSHUA SCHOENBECK, DEFENDANT JASON HART,

AND DEFENDANT ANTHONY WILLS; AND

F) PLAINTIFF SEEK RECOVERY OF COSTS PLAINTIFF INCURRED

REGARD THIS CIVIL SUIT, AND ANY ADDITIONAL RELIEF

THIS COURT MAY DEEM PROPER AND EQUITABLE.

E) PLAINTIFF ALSO SEEK A TRIAL BY JURY ON ALL

ISSUES TRIABLE BY A JURY.

DECLARATION UNDER FEDERAL RULE

OF CIVIL PROCEDURE 11

I CERTIFY TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF

THAT THIS COMPLAINT IS IN FULL COMPLIANCE WITH RULE 11(a) AND 11(b) OF THE FEDERAL

RULES OF CIVIL PROCEDURE. THE UNDERSIGNED ALSO RECOGNIZES THAT FAILURE TO COMPLY

WITH RULE 11 MAY RESULT IN SANCTIONS.

SIGNED ON: 4/19/22

10940 LAWRENCE RD.                                    WILLIE WILLIAMS

SUMNER, ILL. 62466                                        B63167

14

## CERTIFICATE OF SERVICE

I certify that a copy of this CIVIL RIGHTS COMPLAINT was mailed/delivered to WILLIAM A. SPILLER, 711 KASKASKIA STREET, MENARD IL. 62259; JOSHUA A. SCHOENBECK, 711 KASKASKIA STREET, MENARD IL. 62259; JASON N. HART, 711 KASKASKIA STREET, MENARD IL. 62259; ANTHONY WILLS, 711 KASKASKIA STREET, MENARD IL. 62259; SARAH JOHNSON, 1301 CONCORDIA COURT, SPRINGFIELD IL. 62794; and ROB JEFFREYS, 801 S. SEVENTH STREET, SPRINGFIELD IL. 62794 on 4/19/22.

WILLIE WILLIAMS

21