IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WILLIAMS, #B63167, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-756-RJD |
| ) | |
| WILLIAM SPILLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Rob Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45), Defendants Schonenbeck and Hart's Motion to Withdraw Affirmative Defense of Failure to Exhaust Administrative Remedies (Doc. 46), and Plaintiff's Motions for Status (Docs. 50 and 51). For the reasons set forth below, Defendants Schonenbeck and Hart's Motion to Withdraw Affirmative Defense of Failure to Exhaust Administrative Remedies (Doc. 46), and Plaintiff's Motions for status (Docs. 50 and 51) are **GRANTED**. Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45) is **GRANTED** as it pertains to Plaintiff's Fourteenth Amendment Due Process claim against Jeffreys (Count 2). Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45) will be set for an evidentiary hearing with regard to Plaintiff's Eighth Amendment deliberate indifference claim against Jeffreys for the conditions of Plaintiff's placement in solitary or segregated confinement at Illinois River Correction Center ("Illinois River") based on his status as a "circuit rider" or security risk.

**Background**

Plaintiff Willie Williams, an inmate of the Illinois Department of Corrections (IDOC), brought this civil rights action on April 19, 2022, pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights at Menard and Illinois River Correctional Centers (Menard/Illinois River). [1] (Doc. 17). Following a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

| | |
|---|---|
| Claim 2: | Fourteenth Amendment Due Process claim against Defendants Schoenbeck, Hart, and Jeffreys for Plaintiff's disciplinary proceedings. |
| Claim 3: | Eighth Amendment deliberate indifference claim against Rob Jeffreys for the conditions of Plaintiff's placement in solitary or segregated confinement at Illinois River based on his status as a "circuit rider" or security risk. |

(Doc. 20).[2]

**The Second Amended Complaint**

Plaintiff alleged that on February 27, 2019, Defendant Spiller wrote him a false disciplinary report related to his involvement in gang activities. (Doc. 17 at 7). On March 5, 2019, Defendant Schoenbeck and the Adjustment Committee held a hearing on the ticket. Plaintiff pled not guilty, but the disciplinary committee found him guilty of the offense and assessed three months in segregation and restrictions on privileges. (Doc. 17 at 7). Plaintiff alleged he grieved the incident in a timely fashion but did not get the final response at the institutional level until July 13, 2020. He was ultimately unable to file a timely appeal with the Administrative Review Board ("ARB")

---

[1] Plaintiff has since been transferred to Danville Correctional Center (Doc. 26)

[2] In his Second Amended Complaint Plaintiff had asserted three claims against several defendants. After a preliminary review of the Second Amended Complaint, Claim 1 was dismissed in its entirety, and Claim 2 was dismissed as to Defendants Spiller, Wills and Johnson. Because there were no remaining claims against Defendants John Does 1-3, Spiller, Wills, or Johnson, those parties were terminated. (Doc. 20).

because he was placed under investigative status and later transferred to another facility, which prevented him from timely appealing. (*Id.* at 8).

On July 23, 2020, Plaintiff was taken to segregation, where he was placed in a cell without his property. The cell lacked a working light, and he did not have bedding or hygiene materials. After three days and repeated requests to correctional officers, on July 26, Plaintiff was provided the requested items, but his light was never fixed. On July 27, 2020, Plaintiff was served a disciplinary report that alleged he was the highest-ranking member of a gang at Menard. He informed the officer who presented the report that he intended to present witnesses, and the officer recorded the same. (Doc.17 at 12). On July 30, John Doe 1 came to get Plaintiff for his disciplinary hearing, but his door was jammed. Plaintiff alleged that it took a short time for a locksmith to arrive to open the door. By the time the door was open, John Doe 1 informed him that he should pack his property instead because he was being moved. A different officer informed him that they did not know anything about the Adjustment Committee.

Plaintiff alleged that, on that same day, he was transferred to Illinois River w attending the hearing. He was placed in a cell on an empty wing. He did not have his property, which was quarantined for 14 days due to his transfer, though he was provided with hygiene supplies. (Doc. 17 at 14). He alleges that he spent 45 days at Illinois River in solitary confinement because he was labeled as a "circuit rider" and an "extreme security risk." During this time, he had virtually no human contact, he was not allowed to recreate outside, and he was escorted to appointments in elevated restraints. The restraints caused wrist and hand pain, and he was treated with pain medication on multiple occasions. He alleged that "the 'circuit rider' status demanded that the administration and staff at Illinois River couldn't make any decisions regarding Plaintiff unless approved by IDOC's executive administrators (directors)." (Doc. 17 at 14). After 45 days in

solitary confinement, Plaintiff was transferred to a different area of the prison, where he was housed near long-term segregation offenders with serious mental illnesses. (Doc. 17 at 15). His fellow inmates were "continuously yelling, banging on doors, flooding cells, attempting suicide, playing with human excrement and causing officers to spray mace." He further alleged, "Quite often [he] was deprived of sleep, had to clean toilet water flowing into the cell from floods. [He] used volume of television to try to drown out noise and [he] remained in cell quiet without ever speaking to other inmates. As a result, [he] often had headaches from the loud volume of the television and vomited more than he ever had in life from the smells of feces and mace." (Doc. 17 at 15).

After inquiring for three weeks, an officer gave him a copy of the Adjustment Committee findings from Menard, which found him guilty based on evidence that he alleged was fabricated. The findings stated that he refused to attend the hearing at Menard. (Doc. 17 at 15). Defendants Schoenbeck and Hart sentenced him to six months in segregation and restricted privileges. (Doc. 17 at 15). Defendant Wills approved the committee findings. Plaintiff grieved the Adjustment Committee's findings to the ARB. In his complaint, he cited many provisions of the Illinois Administrative Code that he alleged were violated in his disciplinary proceedings. (Doc. 17 at 16-18). Specifically, he claimed that the Adjustment Committee hearing was unfair and was based on uncorroborated false and fabricated information from confidential sources. (Doc. 17 at 16).

Defendant Johnson failed to review records or to inquire into the issues Plaintiff raised and instead just stated that per the Adjustment Committee, it had no record of an issue with the door lock on Plaintiff's cell. Defendant Jeffreys, the Acting Director of IDOC at the time relevant to this case, concurred with Johnson's findings. (Doc. 17 at 18). Plaintiff also alleged that Jeffreys

and Johnson improperly denied a grievance he filed about his stay in a segregation cell from July 23 to 30, 2020, without light, a mattress or hygiene supplies. (Doc. 17 at 18-19).

Plaintiff alleged that Jeffreys violated his Eighth Amendment rights by allowing him to be housed at Illinois River with long-term segregation inmates who were mentally ill and by allowing Plaintiff to be subject to elevated restraints for 125 days.  In his Due Process claim, Plaintiff alleges that Defendants Schoenbeck and Hart violated his rights by holding an inadequate disciplinary hearing; Defendant Spiller violated his rights by issuing two false disciplinary tickets; Defendant Wills violated his rights by approving the Adjustment Committee findings; and Defendants Johnson and Jeffreys violated his rights by concurring with the disciplinary findings. Plaintiff sought a declaratory judgment, injunctive relief reversing the outcome of his disciplinary proceedings and expunging them from his records, and punitive and nominal damages.

**Defendant Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45) and Defendants Schonenbeck and Hart's Motion to Withdraw Affirmative Defense of Failure to Exhaust Administrative Remedies (Doc. 46)**

Per the Court's Initial Scheduling Order, Defendants were required to either file a motion for summary judgment on the issue of exhaustion of administrative remedies or withdraw their respective affirmative defense by September 29, 2023.  (Doc. 41).  Defendants Schonenbeck and Hart timely filed their Motion to Withdraw Affirmative Defense of Failure to Exhaust Administrative Remedies (Doc. 46), which is hereby **GRANTED**.  Defendant Jeffreys timely filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45).  Jeffreys claims Plaintiff's ARB record contains one relevant grievance—a grievance Plaintiff submitted while he was in Illinois River, self-dated August 12, 2020 (the "Grievance"). (See Doc. 45-1 at 1-16).  In the Grievance, Plaintiff wrote a detailed four-page narrative challenging the disciplinary report he received on July 27, 2020, and the Adjustment Committee

hearing that he failed to attend on July 30, 2020. (*Id.* at 13–16).  The Grievance named a number of correctional officers but did not mention Defendant Jeffreys by name or description. (*Id.*).  The ARB received the Grievance on August 28, 2020, and provided a final decision on February 22, 2021. (*Id.* at 1).  Plaintiff's grievance record does not contain any grievance related to Plaintiff's conditions of confinement at Illinois River or his status as an alleged "circuit rider."

Defendant argues that Plaintiff has failed to exhaust his administrative remedies as to Defendant Jeffreys because he does not mention Jeffreys or the Director in his grievance regarding the July 2020 disciplinary hearing.  He claims that the Fourteenth Amendment due process claim against Jeffreys for his alleged participation in Plaintiff's disciplinary hearing must be dismissed because Plaintiff has not filed or properly exhausted a grievance identifying Defendant Jeffreys specifically, by name or description, regarding his conduct or any involvement in the disciplinary proceeding.  Jeffreys further argues that Plaintiff has failed to exhaust his administrative remedies as to his Eighth Amendment claim for the conditions of Plaintiff's confinement or his alleged "circuit rider" status at Illinois River because Plaintiff has failed to file any grievance that directly grieves the conditions of his confinement at Illinois River or his security risk status.

On October 24, 2023, Plaintiff responded to the motion for summary judgment.  He did not dispute that the Grievance is the only grievance contained in the ARB's record. (Doc. 47).  Plaintiff further does not dispute that Jeffreys was not named in the Grievance. (*Id.*).  He states that the reason he did not name Jeffreys in the Grievance is that Jeffreys was not liable for the Fourteenth Amendment violation until he became aware of the Grievance, and he then failed to take any remedial measures.  Plaintiff cites case law standing for the proposition that a supervisor may be liable for a violation of a prisoner's due process rights if he was informed about the violation through the grievance process but failed to take remedial measures. (*Id.* at 6 (citing

*Gabai v. Jacoby*, 800 F. Supp. 1149, 1156 (S.D.N.Y. 1992); *Boone v. Elrod*, 706 F. Supp. 636, 638 (N.D. Ill. 1989), and *Amaker v. Hakes*, 919 F. Supp. 127, 131 (W.D.N.Y. 1996)).

As to his Eight Amendment claim for conditions of confinement at Illinois River, he argues, in essence, that the grievance process was unavailable to him. Specifically, he states that at all relevant times at Illinois River, the facility was under COVID-19 protocols, and the assigned staff at the Law Library did not respond to Plaintiff's written requests to visit him at the Restricted Housing Unit. (Doc. 47 at 7-8). He states that he wrote a grievance pertraining to his "Circuit Rider" and "Extreme Security Risk" status and attempted to submit it to the I.D.P. without making a copy. (*Id.*). He sealed the grievance in a white envelope addressed to "Grievance Dept.," then placed the grievance in the door of the cell to be collected by the security staff, but he never received a response to his grievance. (*Id.*). He claims that he filed the complaint more than a year after submitting the unanswered grievance. (*Id.*). He, thus, claims that he should be deemed to have satisfied the exhaustion requirement with respect to that claim. (*Id.*).

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to and draws all reasonable inferences in favor of the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). While courts generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir. 2014).

*Exhaustion Requirement*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to his or her institutional counselor unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by

a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director, who shall review the same and make a final determination within six months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

After a careful review of the arguments and evidence set forth in the parties' briefs regarding the issue of exhaustion, the Court determines that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary with respect to Plaintiff's Fourteenth Amendment Claim against Jeffreys. However, because the availability of the grievance

process is in question with respect to Plaintiff's Eight Amendment claim for deliberate indifference, the Court FINDS that an evidentiary hearing is necessary as to that claim. The Court will set this part of the motion for an evidentiary hearing in a separate order.

Turning to the exhaustion motions as to Plaintiff's Fourteenth Amendment claim for due process violations concerning the disciplinary ticket proceeding, based on the briefing of the parties and the evidence in the record, the Court finds that the only relevant grievance, which is dated August 12, 2020 (the "Grievance"), was fully exhausted. The only question is whether the grievance exhausted the claims in this lawsuit against Defendant Jeffreys.

While grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of or who is otherwise involved in the complaint, this condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible. ILCS § 504.810(c). The Seventh Circuit has interpreted this as requiring the inmate plaintiff to identify names only to the extent practicable to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir.2011); *Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010). Thus, not naming the defendants in a grievance is "'a mere technical defect' where the inmate sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond." *Saffold v. Illinois Dep't of Corr.*, No. 18 C 3301, 2021 WL 4477930, at *7 (N.D. Ill. Sept. 30, 2021) (quoting *Maddox*, 655 F.3d at 722). So long as the "prison officials have been afforded an opportunity to address an inmate's claims internally prior to federal litigation, the purpose of exhaustion has been met, and the prisoner has properly exhausted his available remedies."

*Bandala-Martinez v. Bebout*, 188 F. Supp. 3d 836, 842–43 (S.D. Ill. 2016) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006).

Plaintiff does not dispute that the Grievance did not name or in any way identify Defendant Jeffreys. The Court first notes that the "mere mishandling of an inmate grievance alone cannot be a basis for liability under § 1983" where "the defendants were not involved in the underlying harm." *See Montanez v. Feinerman*, 439 F. App'x 545, 547 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. . . Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Courtney v. Devore*, 595 Fed. Appx. 618, 620-21 (7th Cir. 2014) (noting that "state grievance procedures do not create substantive liberty interests protected by the due process clause," and the "mishandling" of grievances states no claim); *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause.").

In any case, Plaintiff's argument that Jeffreys can still be liable for the due process constitutional violation because he became aware of the procedural deficiencies of the disciplinary ticket when he reviewed the Grievance misses the point. The issue is not whether Jeffreys became aware of the due process violation attributable to the remaining Defendants. Rather, the issue is whether Plaintiff specifically grieved any constitutional violation attributable to Jeffreys. Plaintiff did not file any grievance regarding Jeffreys' conduct. Jeffreys' knowledge of the alleged constitutional violations attributable to the remaining Defendants is irrelevant to the issue of exhaustion of administrative remedies as to Plaintiff's claims against Jeffreys. Accordingly, the Court **FINDS** that Plaintiff failed to exhaust his administrative remedies as to his Fourteenth

Amendment claim for a due process violation against Jeffreys. Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45) is **GRANTED** with respect to that claim.

**Plaintiff's Motions for Status (Docs. 50 and 51)**

Plaintiff filed two motions asking for an update on Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45). Plaintiff's Motion for Status (Docs. 50 and 51) are **GRANTED**. The Clerk of Court is instructed to send Plaintiff a copy of this Order addressing Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45).

## Conclusion

For the reasons stated above, Defendants Schonenbeck and Hart's Motion to Withdraw Affirmative Defense of Failure to Exhaust Administrative Remedies (Doc. 46) and Plaintiff's Motions for Status (Docs. 50 and 51) are **GRANTED**. Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45) is **GRANTED** as it pertains to Plaintiff's Fourteenth Amendment Due Process claim against Jeffreys (Count 2). Jeffreys' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 45) will be set for an evidentiary hearing with regard to Plaintiff's Eighth Amendment deliberate indifference claim against Jeffreys for the conditions of Plaintiff's placement in solitary or segregated confinement at Illinois River based on his status as a "circuit rider" or security risk.

**IT IS SO ORDERED.**

**DATED: August 6, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**