IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE WILLIAMS, #B63167,                )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Case No. 22-cv-756-RJD
                                         )
JOSHUA A. SCHOENBECK and                 )
JASON N. HART,                           )
                                         )
        Defendants.                      )

**MEMORANDUM and ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Motion to Compel (Doc. 64). For the reasons explained below, the motion is **DENIED**.

**Background**

Plaintiff Willie Williams, an inmate of the Illinois Department of Corrections (IDOC), brought this civil rights action on April 19, 2022, pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights at Menard and Illinois River Correctional Centers (Menard/Illinois River).[2] (Doc. 17).  Following a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, and a motion for summary judgment on the issue of exhaustion of administrative remedies, Plaintiff is now proceeding on a Fourteenth Amendment

_____

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 35).

[2] Plaintiff has since been transferred to Danville Correctional Center (Doc. 26).

Due Process claim against Defendants Schoenbeck and Hart for Plaintiff's disciplinary proceedings (Count 2 of the Second Amended Complaint). (*See* Docs. 17 & 56).

Plaintiff alleged that on February 27, 2019, Defendant Spiller wrote him a false disciplinary report related to his involvement in gang activities. (Doc. 17 at 7). On March 5, 2019, Defendant Schoenbeck and the Adjustment Committee held a hearing on the ticket. Plaintiff pled not guilty, but the disciplinary committee found him guilty of the offense and assessed three months in segregation and restrictions on privileges. (Doc. 17 at 7). On July 27, 2020, while in segregation, Plaintiff was served a disciplinary report that alleged he was the highest-ranking member of a gang at Menard. The officer who presented the report recorded Plaintiff's intention to present witnesses. (Doc. 17 at 12). On July 30, John Doe 1 came to get Plaintiff for his disciplinary hearing, but his door was jammed. Plaintiff alleged that it took a short time for a locksmith to arrive to open the door. By the time the door was open, John Doe 1 informed him that he should pack his property instead, as he was being moved. A different officer informed him that they knew nothing about the Adjustment Committee.

Plaintiff alleged that, on that same day, he was transferred to Illinois River without attending the hearing. He alleged that he spent 45 days at Illinois River in solitary confinement because he was labeled as a "circuit rider" and an "extreme security risk." After inquiring for three weeks, an officer gave him a copy of the Adjustment Committee findings from Menard, which found him guilty based on evidence that he alleged was fabricated. The findings stated that he refused to attend the hearing at Menard. (Doc. 17 at 15). Defendants Schoenbeck and Hart had sentenced him to six months in segregation and restricted privileges. (Doc. 17 at 15). Defendant Wills approved the committee findings. Plaintiff grieved the Adjustment Committee's findings to the ARB. Specifically, he claimed that the Adjustment Committee hearing was unfair and was

based on uncorroborated, false, and fabricated information from confidential sources. (Doc. 17 at 16). Plaintiff alleged that Defendants Schoenbeck and Hart violated his rights by holding an inadequate disciplinary hearing. Plaintiff seeks declaratory judgment, injunctive relief reversing the outcome of his disciplinary proceedings and expunging them from his records, and punitive and nominal damages.

## Discussion

Plaintiff moved to compel Defendants' supplemental response to his Requests to Produce Documents. (Doc. 64). Plaintiff argues that Defendants partially refused production of documents, raising several objections. Plaintiff specifically takes issue with the objections raised in Requests to Produce ##1-5 and 8. After being granted an extension of time, Defendants responded in opposition to the motion. (Docs. 75, 77).

**Request # 1**

This request seeks "all Sign-In log Books, Log Sheets, or other documents reflecting the I.D.O.C. Personnel, Visitors, Maintenance or other people entering and leaving the North 2 Housing Unit on July 30, 2020 during the 7 a.m. to 3 p.m. shift." (Doc. 64, p. 61).

Defendants object on relevance grounds. They argue that whether a maintenance person was fixing his door on that date, which caused him to miss the Adjustment Hearing, is not relevant to Plaintiff's claims as to the specific Defendants because Defendants were told Plaintiff refused to attend and were given a document confirming it. (Doc. 77, p. 2). Not quite. Defendants' lack of knowledge as to the reasons Plaintiff was unable to attend the hearing might be raised as a defense. *See Morfin v. City of East Chicago,* 349 F.3d 989, 1001 (7th Cir. 2003) (To be entitled to damages under § 1983, the plaintiff must prove that each defendant was personally involved in the alleged constitutional violation); *Marion v. Radtke*, No. 07-CV-243-BBC, 2010 WL 2429724, at *9 (W.D.

Wis. June 11, 2010), *aff'd,* 641 F.3d 874 (7th Cir. 2011) (granting summary judgment for defendant who held a hearing in the inmate's absence because he reasonably relied on the staff advocate who had told defendant that plaintiff refused to come). Yet, it does not render the information as to the reasons Plaintiff did not attend the hearing irrelevant. Plaintiff argues that Defendants Schoenbeck and Hart held an Adjustment Hearing in his absence, based on a finding that Plaintiff refused to attend the hearing, and then concluded that Plaintiff was guilty based on fabricated evidence. (Doc. 17 at 15). The requested information may allow Plaintiff to obtain evidence showing Defendants were aware that he did not "refuse" to attend the hearing but was rather obstructed from doing so. *See* Fed. R. Evid. 401 (evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action"). Further, Plaintiff disputes that he signed the document indicating his refusal to attend the hearing, and the identity of the officer who came to get him for the disciplinary hearing remains unknown. The requested information may shed light on that issue as well. Accordingly, Defendants' relevance objection as to Request #1 is **OVERRULED**.

Defendants also argue that the request is overbroad in time and scope. Yet, they fail to state the grounds for that objection either in their discovery responses or their response to the Motion to Compel. Plaintiff's request is sufficiently limited in time and scope. It only asks for individuals who entered a specific location, the North2 Housing Unit, and only for the timeframe between 7 a.m. and 3 p.m. on July 30, 2000. Defendants' objection on that ground is **OVERRULED**.

Nonetheless, Defendants stated in their response to Request # 1 that none of the requested material has been requested from the IDOC and no relevant responsive materials are being withheld on the basis of the objections. (Doc. 64, p. 61). Plaintiff argues that Defendants' failure to request responsive documents from IDOC is a sanctionable conduct. The Court disagrees. Rule

34 of the Federal Rules of Civil Procedure requires Defendants to produce only materials that are within their possession, custody, or control. Fed. R. Civ. P. 34 (a)(1). Courts in this circuit have concluded that current or former prison employees are not required to obtain documents from their employer because, while they have the practical ability to obtain them, they do not have a "legal right" to do so. *See Robinson v. Moskus*, 491 F. Supp. 3d 359, 366 (C.D. Ill. 2020) (Illinois Department of Corrections employees cannot be compelled to produce DOC's documents); *Armour v. Santos*, No. 19-cv-678, 2022 WL 16572006, at *3 (S.D. Ill. Nov. 1, 2022) (same). Accordingly, Defendants are not required to produce any responsive documents that are not in their custody, possession, or control.

Plaintiff further argues that Defendants have not provided a sworn declaration as to the existence of responsive documents. Defense counsel signed the response to Plaintiff's Requests to Produce. (Doc. 64, p. 65). Under Rule 26(g) of the Federal Rules of Civil Procedure, by signing the response to a request for production of documents, the party certifies that the disclosure "is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g). Defendants were not required to provide a sworn declaration to that effect.

Because Defendants have confirmed in their response that they are not withholding any responsive documents, Plaintiff's Request # 1 is **DENIED**.

**Requests ## 2 & 3**

In Requests ## 2 & 3, Plaintiff requests "all work orders, incident reports, memorandums, emails to maintenance departments reflecting" either "a request to repair" or "a completion of repairs of the door/lock of cell 625 of the North 2 Housing Unit on July 30, 2020." (Doc. 64, p. 62). Defendants objected on the ground that the request was overbroad in time. For the reasons explained regarding Request #1, this objection is **OVERRULED**.

However, Defendants produced a grievance response to Plaintiff from the Administrative Review Board and clarified that no other relevant responsive materials were being withheld on the basis of the objection. (Doc. 64, p. 62). Further, Defendants clarified in their response to the motion that responsive documentation was requested, and the IDOC checked and was unable to find work orders for July 30, 2020, further explaining that the maintenance staff only kept work orders for three years. (Doc. 77, p. 2). For the reasons explained above, Defendants are not required to produce any documents that are not in their possession, custody, or control, including those maintained by the IDOC. Accordingly, Plaintiff's Motion to Compel as to Requests ## 2 & 3 is **DENIED**.

**Requests ## 4 & 5**

In these requests for production, Plaintiff asks for video footage recorded by the cameras, on, around, an[d] facing" the following: (a) "6 Gallery of the North 2 Housing Unit on July 30, 2020, between the hours of 7:30 a.m. to 12:00 p.m." and (b) "the area where the Adjustment Committee convened in the North 2 Housing Unit on July 30, 2020, between the hours of 9:00 a.m. to 11:00 a.m."

Defendants object that this request is overbroad because it asks for all video footage and not just that relevant to Plaintiff's claims. Defendants also argue that those videos are irrelevant because they only tend to show that Plaintiff did not attend the hearing, which is undisputed. As explained above, the requested information is relevant to the extent that it can show the identity of the officer who provided Defendants with the refusal form and can potentially be probative to Defendants' knowledge of the reasons for Plaintiff's absence. Further, the request is limited only to the time and geographic area relevant to Plaintiff's claims. Accordingly, the objection is **OVERRULED**.

Page **6** of **10**

Defendants also objected on grounds of safety and security, stating, in conclusory terms, that Plaintiff cannot possess prison video footage. It is true that a prison may raise a "bona fide security justification for non-disclosure" of video footage. *See Jones v. Cross*, 637 F.3d 841, 848-49 (7th Cir. 2011) (finding a "bona fide security justification for non-disclosure," because viewing the video "might allow the inmate to learn the location and capabilities of the prison surveillance system"). But Defendants have not adequately developed the grounds for that objection, and therefore, the Court cannot evaluate its merit.

In any case, Defendants responded that "no video footage has been requested from IDOC and no relevant responsive materials are being withheld on the basis of these objections." As explained, Defendants are only required to produce evidence that is in their possession, custody, and control. Accordingly, Plaintiff's Motion to Compel is **DENIED** as to Requests ## 4 & 5.

**Request # 8**

In Request # 8, Plaintiff seeks all information related to Plaintiff "in the Offender 360 computer system/program" that reflects "any Security Threat Group (STG) affiliations, statu[s]es, titles, discipline, etc." (Doc. 64, p. 64). Defendants produced some responsive documents, but did not provide all STG information that could fall under Plaintiff's broad request. Defendants objected, in part, "to the extent it seeks confidential law enforcement information." (Doc. 64, p. 64).

Defendants cite state law that exempts a department from disclosing information under the Freedom of Information Act ("FOIA"). *See* 730 ILCS 5/3-2-5(c). However, Plaintiff has requested this information through discovery, not through a FOIA request. *See Montanez v. Wolters*, No. 3:16-CV-1147-NJR-DGW, 2018 WL 5437442, at *2 (S.D. Ill. Oct. 29, 2018) ("the Illinois statute

relied on by IDOC, however, exempts a department from disclosing information under the Freedom of Information Act, not pursuant to discovery.").

Defendants further assert the law enforcement investigation privilege, citing *Peate v. McCann,* 294 F.3d 879 (7th Cir. 2002) and *Westefer v. Snyder*, 472 F. Supp. 2d 1034, 1038 (S.D. Ill. 2006). (Doc. 77, p. 4). In *Peate*, the Seventh Circuit explained that "the government has an interest in maintaining the confidentiality of files containing sensitive information regarding on-going investigations." *Peate,* 294 F.3d at 885. However, the law enforcement investigation privilege is not absolute. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). "It can be overridden in appropriate cases by the need for the privileged materials . . . . The balancing of that need—the need of the litigant who is seeking privileged investigative materials—against the harm to the government if the privilege is lifted is a particularistic and judgmental task." *Id.* (internal citation omitted). There is a "pretty strong presumption against lifting the privilege." *Id.* (citing *Black v. Sheraton Corp*., 564 F.2d 531, 545–47 (D.C.Cir.1977)). But once challenged, the proponent of the privilege bears the burden of proving it. *See Palmer v. City of Decatur*, No. 17-3268, 2019 WL 13155813, at *12–13 (C.D. Ill. Jan. 29, 2019), *aff'd*, No. 17-CV-3268, 2019 WL 13156163 (C.D. Ill. July 22, 2019), and *aff'd*, No. 17-CV-3268, 2019 WL 13156163 (C.D. Ill. July 22, 2019). The proponent must specify "with particularity the information for which protection is sought and explain why the information falls within the scope of the privilege." *Lewis v. City of Chicago*, 2004 WL 2608302, at * 2 (N.D. Ill. November 16, 2004) (quoting *Hernandez v. Longini*, 1997 WL 754041, *3 (N.D. Ill. November 13, 1997)).

Here, Defendants have merely asserted the privilege, citing relevant legal authority, but have failed to establish their burden of proving that claim or even confirm whether they are withholding any additional responsive information on that ground. Plaintiff challenged the privilege in his motion, arguing that the requested information is essential to establish that Defendants found him guilty on fabricated evidence. (Doc. 64, pp. 8-9). Based on the record before it, and without having an opportunity to review the information at issue, the Court cannot rule on Defendants' objection.

However, due to the potentially highly sensitive nature of the requested information and the government's interest at stake, the Court **DENIES** Plaintiff's Motion to Compel Defendants to supplement Request # 8 until the Court is in a better position to evaluate the competing interests. **By April 6, 2026**, Defendants shall confirm in writing with the Court whether they are withholding any information responsive to Request # 8 pursuant to the asserted law enforcement investigatory privilege. If they do withhold responsive documents, Defendants shall file a motion for a protective order by **April 16, 2026**, discussing with specificity the grounds of the asserted privilege as to each of the responsive material. Along with their motion, Defendants shall submit to the Court any withheld material at issue for an *ex parte* in camera review.

Finally, Plaintiff seeks sanctions for Defendants' alleged evasive and incomplete responses. Because Plaintiff's Motion to Compel is denied, Plaintiff is not entitled to sanctions. *See* Fed. R. Civ. P. 37(a)(5)(B).

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Discovery (Doc. 64) is **DENIED**. **By April 6, 2026**, Defendants shall confirm in writing with the Court whether they are withholding any information responsive to Request # 8 pursuant to the asserted law enforcement investigatory

privilege. If they do withhold responsive documents, Defendants shall file a motion for a protective order by **April 16, 2026**, discussing with specificity the grounds of the asserted privilege as to each of the responsive material. Along with their motion, Defendants shall submit to the Court any withheld material at issue for an *ex parte* in camera review.

**IT IS SO ORDERED.**

**DATED: March 30, 2026**

_s/ Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**